UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARVIN SEEGER, BRADLEY GAMROTH,
ROBERT MCCLAIN, and JOANNA BLAREK,

        Plaintiffs,

        v.                                 Case No. 05-C-0714

AFNI, INC.

        Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

## I. PROCEDURAL BACKGROUND

On November 29, 2005, plaintiffs Marvin Seeger, Bradley Gamroth, Robert McClain, Thomas Leone, and Joanna Blarek filed an amended class action complaint against AFNI, Inc. ("AFNI"), for violations of the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.104, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. On February 10, 2006, pursuant to a stipulation by all parties, the complaint was dismissed without prejudice as to plaintiff Thomas Leone. On May 2, 2006, the remaining plaintiffs filed a motion for class certification.

## II. FACTUAL BACKGROUND

Plaintiffs are Wisconsin residents. AFNI is a corporation that engages in the collection of debts and has its principal offices located in Bloomington, Illinois. Each plaintiff received a debt collection letter from AFNI. The letter notified each plaintiff that the plaintiff's debt, previously owed to Cingular, had been acquired by AFNI. The letter specified that a collection fee of approximately 15% of the original debt was added to the total balance. The plaintiffs allege that the

letter violates the WCA and FDCPA because it is an attempt to assess a collection fee, which is illegal in "consumer credit transactions" under the WCA. The plaintiffs further allege that because the collection fee is illegal, the collection letter also violated FDCPA because it falsely represented the amount of debt owed. The plaintiffs seek to represent a class of Wisconsin residents who received a letter from AFNI claiming a collection fee.

### III. CLASS DEFINITION

Plaintiffs seek to represent a class of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by AFNI claiming a collection fee (c) for Cingular telephone service or service of another cellular provider transferred to Cingular, (d) obtained for personal, family or household purposes, (e) which originally included a contract for a minimum term of service of one or more years, and "early cancellation fee" of any amount, (f) on or after July 7, 2004, (g) that was not returned by the postal service.

### IV. DISCUSSION

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure.

> Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality (named parties' claims or defenses "are typical . . . of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interests of the class").

*Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997) (quoting Fed.R.Civ.P. 23). Once these four prerequisites are met, "the potential class must also satisfy at least one provision of Rule 23(b)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). The plaintiff bears the burden of showing that those requirements have been met. *Borcherding-Dittloff v. Transworld Sys.*, 185 F.R.D. 558,

2

562 (W. D. Wis. 1999) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982) and *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993)). Accordingly, the court will first address the requirements of Rule 23(a).

*1. Numerosity*

The first requirement of Fed.R.Civ.P. 23(a) requires the class to be so large that joinder of plaintiffs is impracticable. When the exact size of the proposed class is unknown, "the court is entitled to make common sense assumptions in order to support a finding of numerosity." *Peterson v. H & R Block Tax Servs., Inc.*, 174 F.R.D. 78, 81 (N.D. Ill.1997) (quotations omitted). Based on AFNI's response to plaintiffs' interrogatories, plaintiffs estimate that AFNI sent automatically generated letters seeking to collect past due Cingular debt, similar to those sent to the plaintiffs, to more than one thousand (1,000) individuals with Wisconsin addresses. Even though the plaintiffs further narrowed their class (from that which was initially proposed) to persons whose contracts originally included a minimum term of service of one or more years and contained an "early cancellation fee," this does not defeat numerosity. Each of the named plaintiffs claims to have a contract with Cingular (or a predecessor) with a minimum term of service of one or more years and "an early cancellation fee." It appears that most persons who were sent AFNI's letter would have had a similar contract, because such contracts with "early cancellation fees" and minimum terms of service are common with most cellular service providers. While it may be true that some of those persons who received AFNI's letter may not fit the class member definition, it appears that most, if not all, will. The joinder of over one thousand such plaintiffs is impracticable. Accordingly, the class size satisfies the requirement of numerosity under Fed.R.Civ.P. 23(a)(1).

3

During oral argument, the defendant argued that the plaintiffs have not satisfied numerosity because their class size estimate is based on the number of persons who received a letter imposing a collection fee for Cingular debt. The defendant further argued that while the number of such persons exceeds one thousand, many of those persons may not have a cognizable claim because their contracts may have included agreements to pay a collection fee and because such contracts may not be "consumer credit transactions." However, an inquiry into the merits of the claim is inappropriate at the class certification stage of the litigation. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). Thus, the defendant's arguments as to the merits of the claim are premature. Indeed, the defendant's arguments as to the merits of the claim would be more appropriate for a motion for summary judgment.

*2. Commonality*

The second requirement of Fed.R.Civ.P. 23(a) requires the existence of a question of law or fact common to the whole class. "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario*, 963 F.2d at 1018 (citation omitted). Furthermore, "[c]ommon nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citations omitted).

In the case at hand, the common nuclei of operative fact is that the defendant sent allegedly illegal form letters to all the class members. Thus, the alleged wrongdoing was standardized conduct by the defendant directed at the proposed class members. Accordingly, the commonality requirement is satisfied.

4

*3. Typicality*

The third requirement of Fed.R.Civ.P. 23(a) is typicality; it requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." In this context, "[a] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quotations omitted). Furthermore, "typicality . . . may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact." *Id.* (citations omitted). In assessing whether typicality has been met, the court should "look to the defendant's conduct and the plaintiffs legal theory to satisfy Rule 23(a)(3)." *Rosario*, 963 F.2d at 1018 (citation omitted).

In the case at hand, the plaintiffs allege that the defendants engaged in the illegal standardized conduct of sending out letters of collection which assessed a collection fee to all the class members, and all class members rely on the same legal theories: the FDCPA and the WCA. Thus, because the alleged wrongdoing was a part of systematic, standardized conduct on the part of the defendant, and because the plaintiffs rely on the same legal theories, the typicality requirement is satisfied.

*4. Adequacy of Representation*

The fourth part of Rule 23(a) requires the class representatives to "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This requirement has two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest[s] of the class members." *Buycks-Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 322, 333 -34 (N.D. Ill.1995) (quoting *Retired Chicago Police Ass'n*,

7 F.3d at 598). Further, "a single class cannot be fairly and adequately represented by the entirely different and separate named plaintiffs if the members of that class have antagonistic or conflicting interests." *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (citations omitted).

In the case at hand, based on the affidavit of the plaintiffs' counsel, the court finds that the law firm representing the plaintiffs is experienced and competent, having prior experience in consumer litigation as well as numerous class actions. Furthermore, there is no evidence of antagonistic or conflicting interests among the proposed class members. The named plaintiffs, as well as the proposed class members, seek money damages for violations of FDCPA and WCA. There appears to be no conflicting or antagonistic interests between the named plaintiffs and the members of the proposed class. Therefore, the adequacy of representation requirement is satisfied.

The defendants assert that plaintiff Gamroth is not an adequate member of the class because he admittedly used the phone for "primarily business purposes," and hence Gamroth himself is not a member of the class, as defined by the plaintiffs. However, Gamroth's cell phone account was in Gamroth's name (as opposed to a business name), Gamroth paid for his phone with a personal credit card, and Gamroth's wife used the phone for seemingly regular household purposes. Gamroth's use of the phone to conduct telephone conversations with potential employers does not nullify his standing as a consumer within the meaning of the WCA and FDCPA.

The defendant also asserts that the named plaintiffs acknowledged during their depositions that they did not obtain their services from Cingular on credit. However, as the plaintiffs correctly point out, whether the transactions were "consumer credit transactions" depends on specific legal requirements of the WCA. Whether the plaintiffs' contracts constitute credit transactions for the purposes of WCA and FDCPA is a question of law, and is therefore a question for the court, not the

6

plaintiffs. *Fletcher v. Eagle River Mem'l Hosp., Inc.*, 456 N.W.2d 788, 795; 156 Wis. 2d 165, 179 (Wis. 1990). It is therefore irrelevant that the plaintiffs themselves did not consider their transactions with Cingular to be credit transactions.

In addition to satisfying the requirements of 23(a), "the potential class must also satisfy at least one provision of Rule 23(b)." *Rosario*, 963 F.2d at 1017. The plaintiffs contend that the proposed class should be certified under 23(b)(3).

In order to qualify for certification under Rule 23(b)(3), the plaintiffs must show that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3); *Amchem Prods.*, 521 U.S. at 615.

The plaintiffs allege that the question of law or fact common to all the class members will predominate over individual questions. The plaintiffs contend that the predominant question of law common to all the class members is whether a contract containing an early cancellation fee for wireless phone services for a year or more is a consumer credit transaction for purposes of the WCA. The plaintiffs further allege that this common question of law will predominate over any individual questions of law or fact. Furthermore, the plaintiffs contend that this case is a prime candidate for class certification because a class action is superior to any other method of adjudication, as the majority of the proposed class members are likely unaware that their legal rights have been violated and would likely not be able to pay to retain counsel to protect and enforce their legal rights.

This court agrees that the proposed class meets the requirements of 23(b)(3). It is evident that the questions of law common to the whole class will predominate over any individual questions. As

7

the plaintiffs correctly point out, the controlling question will likely involve the legal determination of whether a contract for wireless phone services with a minimum term of service of one year or more and an early cancellation fee, such as the contracts entered into by the named plaintiffs, constitutes a "consumer credit transaction" for purposes of WCA.  Because the wireless service providers use standard "adhesion contracts," there will likely be only a few variations of the form contract entered into by the proposed plaintiffs.  Determining whether a particular class member's contract constitutes a "consumer credit transaction" will not involve testimony from each class member, as the defendant suggested during the hearing on August 1, 2006.  Rather, it will entail a legal determination based upon an examination of the form contracts used by Cingular.  While there may be a few different versions of this contract, by and large, the relevant terms will likely be the same.  Thus, the question of law common to the whole class will predominate over any individual questions.  Furthermore, a class action is superior to other alternatives for the fair and efficient adjudication of this controversy.  As the Seventh Circuit noted,

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.  A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.  True, the FDCPA allows for individual recoveries of up to $ 1000.  But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case.  These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives.

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

In the present instance, there are many potential plaintiffs with relatively small claims. Without a class action, it is highly unlikely that these unsophisticated potential plaintiffs, who are

largely uninformed of their rights, would ever "bring a solo action prosecuting [their] rights." A class action is the most efficient way of adjudicating such claims. Thus, because questions of law "common to the members of the class [will] predominate over any questions affecting only individual members," and because "a class action is superior to other available methods for the fair and efficient adjudication of [this] controversy," this court finds that the plaintiffs have satisfied the requirements of Rule 23(b)(3).

Having satisfied both the requirements of Rule 23(a) and 23(b)(3), the plaintiffs have successfully met their burden of proving that a class action certification is appropriate. Therefore, the plaintiffs' motion for class certification will be granted.

**NOW THEREFORE IT IS ORDERED** that the plaintiffs' motion for class certification be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the following plaintiff class be and hereby is **CERTIFIED**:

> (a) All natural persons in the State of Wisconsin (b) who were sent a collection letter by AFNI claiming a collection fee (c) for Cingular telephone service or service of another cellular provider transferred to Cingular, (d) obtained for personal, family or household purposes, (e) which originally included a contract for a minimum term of service of one or more years, and "early cancellation fee" of any amount, (f) on or after July 7, 2004, (g) that was not returned by the postal service.

**SO ORDERED** this 9th day of August 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge