UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARVIN SEEGER, BRADLEY GAMROTH,
ROBERT MCCLAIN, AND JOANNA
BLAREK,

        Plaintiffs,

    v.                                                  Case No. 05-C-0714

AFNI, INC.,

        Defendant.

**ORDER ON PLAINTIFFS' MOTION TO ESTABLISH PROCEDURES AND FOR
PRE-JUDGMENT ATTORNEYS' FEES AND COSTS**

**I. BACKGROUND**

This action was commenced on July 7, 2005, when the plaintiffs, Marvin Seeger ("Seeger") and Bradley Gamroth ("Gamroth"), filed a single count complaint against the defendant, AFNI, Inc. ("AFNI"), alleging that AFNI's attempt to collect a collection fee from the plaintiffs violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq. On November 29, 2005, the plaintiffs filed an amended complaint, adding Robert McClain ("McClain") and Joanna Blarek ("Blarek") as plaintiffs. In addition to the FDCPA violations, the amended complaint alleged violations of the Wisconsin Consumer Act ("WCA"), Wis. Stats. § 421-425. On August 9, 2006, the court granted the plaintiffs' motion to certify the class.

On June 1, 2007, the court granted in part and denied in part the plaintiffs' and defendant's cross-motions for summary judgment. The court dismissed the plaintiffs' claim under the Wisconsin

Consumer Act, but granted the plaintiffs' motion for summary judgment on their claims under the FDCPA. On December 17, 2007, the court entered a stipulated judgment in favor of the named plaintiffs in the amount of $6,000, and in favor of the class in the amount of $200,000. The stipulated judgment included a provision that class counsel was to seek fees and costs, through the date of the judgment, solely from the funds provided to the named plaintiffs and to the class. The stipulated judgment also included a provision stating that, in the event of an appeal, and in the event that the plaintiffs were successful on appeal, class counsel could petition the court for additional costs and fees incurred subsequent to the date of entry of the judgment, and that the court would retain jurisdiction to determine reasonable costs and fees incurred subsequent to the date of the judgment. Finally, the stipulated judgment contained a provision stating: "AFNI expressly reserves the right to appeal the district court's order entering summary judgment on liability, and this judgment is conditional on the summary judgment order being affirmed on appeal." (Judg. ¶ 5.)

On December 26, 2007, the defendant filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit. On January 4, 2008, AFNI filed a motion to approve supersedeas bond and to stay enforcement of the judgment pending resolution of all appeals. On January 10, 2008, the court granted AFNI's motion to approve supersedeas bond and to stay enforcement of the judgment. The appeal bond in the amount of $220,000 was posted by AFNI on January 22, 2008.

On December 31, 2007, i.e., just prior to AFNI's filing the motion to approve supersedeas bond to stay enforcement of the judgment, the plaintiffs filed a motion to establish procedures for the administration of class judgment pursuant to Fed. R. Civ. P. 23(d)(1)(A), and for pre-judgment attorneys' fees and costs. On January 18, 2008, AFNI filed a brief in opposition to the plaintiff's motion and on February 1, 2008, the plaintiffs filed a reply brief in support of their motion. Thus,

2

the plaintiff's motion to establish procedures for the administration of class judgment and for pre-judgment attorneys' fees and costs is now fully briefed and is ready for resolution. For the reasons which follow, the plaintiffs' motion to establish procedures of administration of class judgment will be denied. The plaintiffs' motion for pre-judgment attorneys' fees and costs will be held in abeyance pending resolution of the appeal.

## II. DISCUSSION

The plaintiffs move for an order establishing procedures for the effective and fair administration of the class action. Specifically, the plaintiffs seek an order providing that:

> 1. Class Counsel shall take reasonable steps to enforce the class judgment against AFNI, Inc. in accordance with law.
>
> 2. Upon the judgment being satisfied, or upon Class Counsel's showing that the judgment has been collected as is reasonably feasible after appropriate efforts to collect the judgment, Plaintiffs shall send notice to the class via mail specifying the results of the collection of the judgment, and also giving notice of Class Counsel's petition for attorneys' fees, based on the ultimate amount recovered.
>
> 3. The notice shall give class members both the opportunity to be heard on Class Counsel's fee petition, and also to claim a pro rata share of the funds collected upon the judgment.

(Pl.'s Mot. at 2.)

The plaintiffs cite Fed. R. Civ. P. 23(d) to support their contention that the court has the authority and discretion to approve the class administration procedures requested. Fed. R. Civ. P. 23(d)(1) states, in pertinent part:

> (1) In General. In conducting an action under this rule, the court may issue orders that:
>
>> (A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;

3

(B) require--to protect class members and fairly conduct the action--giving appropriate notice to some or all class members of:

    (i) any step in the action;

    (ii) the proposed extent of the judgment; or

    (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action; . . .

E) deal with similar procedural matters.

*See also Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981) (district courts have "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.").

The plaintiffs contend that their proposed procedures strike the correct balance between "fair conduct" and the prevention of "undue repetition or complication" in the administration of the case. The plaintiffs argue that these procedures allow for the effective and fair administration of this class action, while also preserving the absent class members' due process rights by not asking the court to rule on the awarding of attorneys' fees and costs before the class is notified and given an opportunity to be heard on the matter. These procedures, according to the plaintiffs, are necessary because there needs to be some plan and procedure in place to protect the class' interests.

In response, AFNI contends that there is no present right to enforce the conditional judgment and thus no immediate need to establish procedures for enforcement. AFNI argues that an order establishing procedures would be, in effect, nothing more than an advisory opinion. Moreover, AFNI contends that the specific procedures proposed by the plaintiffs are at odds with the conditional

4

nature of the judgment and the court's order staying execution based on the posting of the appeal bond.

After reviewing the plaintiffs' proposed procedures, and in light of the posting of the appeal bond after the filing of the plaintiffs' motion to establish procedures, I am not persuaded that an order establishing procedures is necessary or appropriate at this time. The plaintiffs have not shown either why these conditional procedures are necessary to protect the class' interests or how they would prevent undue repetition or complication.

The plaintiffs note that in their original brief and motion they used the following general language "Class Counsel shall take reasonable steps to enforce the class judgment against AFNI, Inc. in accordance with law" because "there was no assurance at that time of what Defendant would or would not do." (Pl.'s Reply Br. at 2.) The plaintiffs also note that, since filing the original brief, the parties agreed that class counsel would not seek to enforce the judgment until after the resolution of the appeal so long as an adequate bond was posted to protect the interests of the class in the judgment. As noted above, this bond was posted on January 22, 2008, and the court ordered a stay of the enforcement of the judgment pending resolution of all appeals.

Given the posting of the bond and the court's staying the enforcement of the judgment, it is unclear why it is necessary at this time to enter an order regarding the taking of reasonable steps to enforce the judgment.[1] Indeed, the plaintiffs do not provide any indication that there are needed any additional steps to enforce the judgement prior to the resolution of the appeal (and, given the order to stay, it is not clear that they could do anything at this time to enforce the judgment anyway).

---

[1] Indeed, by requiring the defendant to post an appeal bond, the plaintiffs have already taken steps to enforce the judgment without the issuance of a court order.

5

Moreover, the plaintiffs concede that the posted bond is adequate to assure the ability to satisfy the class' judgment if the plaintiffs are successful on appeal. To be sure, the plaintiffs will eventually be entitled to take reasonable steps to enforce the class judgment if it is affirmed. However, there is no need at this time to enter a vague order regarding the enforcement of a conditional judgment.

Moreover, it would be premature to enter an order regarding notification to the class of the judgment and the petition for attorneys' fees. To be sure, the plaintiffs note that paragraphs 2 and 3 of the proposed procedures are simply conditional procedures to be followed in the event of the plaintiffs' success on appeal. However, it is unclear why ordering, at this time, that these conditional procedures be followed in the future is necessary to either protect the class' interests or to prevent undue repetition or complication. It seems more appropriate to establish procedures for notifying the class of the collection of a judgment and of a petition for attorneys' fees when there is a definitive judgment to collect and an actual entitlement to attorneys' fees (including, potentially, post-judgment fees).

Simply stated, it is my opinion that the plaintiffs' motion to establish class administration procedures is premature and unnecessary at this time. If the judgment is affirmed on appeal, the parties can then propose (and hopefully agree upon) the proper procedures for enforcing the class judgment and for notifying the class of the collection results and of the petition for attorneys' fees.

In regard to the motion for pre-judgment attorneys' fees and costs, the plaintiffs seek "an award from the common fund in the amount of $60,799.50." According to the plaintiffs, this is sought "in an abundance of caution" in order to "preserve Class Counsel's rights to be awarded attorneys' fees and costs, and to meet the fourteen (14) day deadline in Fed. R. Civ. P. 54(d)." (Pl.'s Reply at 4.) The plaintiffs propose that the court hold the motion for pre-judgment attorneys' fees

6

and costs "in abeyance pending the resolution of the appeal, the procurement of the common fund, and completion of the requested procedural steps regarding notice to the class." (Pl.'s Reply at 4.)

The defendant does not take issue with the reasonableness or amount of the pre-judgment costs and fees requested by the plaintiffs. Rather, the defendant argues that there is no current entitlement to attorneys' fees because the judgment is conditional upon the outcome of the appeal. Thus, the defendant argues that the plaintiffs' motion for approval of costs and attorneys' fees should be denied.

It is true that the plaintiffs are not currently entitled to attorneys' fees. But, it does not appear that the plaintiffs are requesting approval of their attorneys' fees at this time. Rather, the plaintiffs appear to have filed this motion simply to ensure they do not miss any potentially applicable deadlines for requesting attorneys' fees. Such being the case, this court will hold the plaintiffs' motion for attorneys' fees in abeyance pending the resolution of the appeal, the procurement of the common fund, and the completion of any required procedural steps regarding providing notice to the class.

**NOW THEREFORE IT IS ORDERED** that the plaintiffs' motion to establish procedures of administration of class judgment be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiffs' motion for pre-judgment attorneys' fees and costs be held in abeyance pending the resolution of the appeal, the procurement of the common fund, and the completion of any required procedural steps regarding providing notice to the class.

7

Case 2:05-cv-00714-WEC   Filed 03/04/08   Page 7 of 8   Document 97

**SO ORDERED** this 4th day of March 2008, at Milwaukee, Wisconsin.

                                              /s/ William E. Callahan, Jr.
                                              WILLIAM E. CALLAHAN, JR.
                                              United States Magistrate Judge

8

Case 2:05-cv-00714-WEC   Filed 03/04/08   Page 8 of 8   Document 97